IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PROTECTORS INSURANCE AND | § | |
| FINANCIAL SERVICES, LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-3469 |
| | § | |
| LEXINGTON INSURANCE CO., | § | |
|     Defendant. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss Fraud Claims ("Motion to Dismiss") [Doc. # 16] filed by Defendant Lexington Insurance Company ("Lexington"). Plaintiff Protectors Insurance and Financial Services, LLC ("Protectors"), neither filed a Response in opposition to the Motion to Dismiss nor requested an extension of time to do so. Having carefully considered the record and the applicable legal authorities, the Court **grants** the Motion to Dismiss.

**I.     BACKGROUND**

In September 2009, Plaintiff was sued by a third party in Georgia state court for acts allegedly covered by the Insurance Agents Errors & Omissions Coverage Policy ("Policy") between Plaintiff as the insured and Defendant as the insurer. Plaintiff hired a law firm to represent it in the Georgia lawsuit. In April or May 2010, Plaintiff

notified Defendant of the Georgia lawsuit. Plaintiff alleges that it understood that the matter would be reviewed and Defendant would likely reimburse Plaintiff for its legal expenses in the Georgia lawsuit.

Plaintiff filed this lawsuit on November 29, 2012, alleging that Defendant failed to pay in full the legal expenses incurred in the Georgia lawsuit. Plaintiff asserted a breach of contract claim, as well as claims of bad faith, fraud, breach of fiduciary duty, violation of the Texas Deceptive Trade Practices Act ("DTPA"), a violation of the Texas Insurance Code, and a claim for unjust enrichment. Defendant filed a Motion to Dismiss [Doc. # 5], asserting *inter alia* that the fraud-based claims failed to comply with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

In response to the Motion to Dismiss, Plaintiff filed a First Amended Complaint [Doc. # 10]. In the First Amended Complaint, Plaintiff asserted the same causes of action as in the Original Complaint, and added claims for quantum meruit and promissory estoppel. After the pleading was discussed at the initial pretrial conference, Plaintiff filed its Second Amended Complaint [Doc. # 14] on April 26, 2013. In the Second Amended Complaint, Plaintiff asserted all the causes of action contained in the First Amended Complaint.

Defendant filed its Motion to Dismiss the fraud-based claims, asserting again that the claims were not pled with the particularity required by Rule 9(b). Plaintiff filed no opposition to the Motion to Dismiss.

## II. STANDARD FOR MOTION TO DISMISS FRAUD-BASED CLAIMS

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b); *see Leatherman v. Tarrant Cty. Narcotics Intelligence Unit*, 507 U.S. 163, 168-69 (1993); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). In particular, the pleadings should "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004); *see also Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) ("Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out."). Rule 9(b) requires a plaintiff to allege the existence of facts sufficient to warrant the pleaded conclusion that fraud has occurred. *See In Re Haber Oil Co.*, 12 F.3d 426, 439 (5th Cir. 1994). Rule 9(b)'s pleading requirements apply not only to fraud claims, but to claims that are based on alleged misrepresentations.

*See Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997)).

## III.  ANALYSIS

Plaintiff's bad faith and DTPA claims (Count 2) are based in part on alleged misrepresentations.  *See* Second Amended Complaint [Doc. # 14], ¶¶ 35-36. Plaintiff's fraud claim (Count 3) is based on misrepresentations.  *See id.*, ¶ 39, ¶ 41. Similarly, Plaintiff in Count 5 of the Second Amended Complaint asserts an alleged violation of the Texas Insurance Code based on alleged misrepresentations.  *See id.*, ¶ 46.  Each of these claims, to the extent based on misrepresentations, must comply with the pleading requirements of Rule 9(b).

Plaintiff fails to identify any allegedly false statements made by Defendant. Instead, Plaintiff alleges that Defendant "led [its representative] to reasonably conclude that Defendant, after a prompt review of the Lawsuit, would in fact fully reimburse Plaintiff of all expenses associated with the defense of the Lawsuit." *See id.*, ¶ 8.  Having failed in three separate pleadings to identify with adequate particularity a false statement by Defendant, and having failed to file any opposition to the Motion to Dismiss identifying with particularity any false statement, the fraud-based claims are dismissed.

## IV.   CONCLUSION AND ORDER

Plaintiff has failed to allege its fraud-based claim with the particularity required by Rule 9(b), and has failed to file any opposition to Defendant's Motion to Dismiss those claims.  As a result, it is hereby

**ORDERED** that Defendant's Motion to Dismiss Fraud Claims [Doc. # 16] is **GRANTED**.  Plaintiff's fraud and Insurance Code claims, and Plaintiff's bad faith and DTPA claims to the extent they are based on alleged misrepresentations, are **DISMISSED WITH PREJUDICE**.

SIGNED at Houston, Texas, this **19th** day of **June, 2013**.

_____
Nancy F. Atlas
United States District Judge