# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| PROTECTORS INSURANCE AND FINANCIAL SERVICES, LLC, Plaintiff, | § § § § | |
| v. | § § | CIVIL ACTION NO. H-12-3469 |
| LEXINGTON INSURANCE CO., Defendant. | § § § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 21] filed by Defendant Lexington Insurance Company ("Lexington"). Plaintiff Protectors Insurance and Financial Services, LLC ("Protectors") filed a Response [Doc. # 24], and Defendant filed a Reply [Doc. # 27].[1] Having carefully considered the record and the applicable legal authorities, the Court **grants** Defendant's Motion for Summary Judgment.

---

[1] Plaintiff also filed a Motion for Leave to Refer Case to Mediation [Doc. # 28], and a Motion for Leave to Take Oral Deposition of Corporate Representative ("Motion to Depose") [Doc. # 29]. Plaintiff seeks to depose the corporate representative pursuant to Rule 30(a)(2) of the Federal Rules of Civil Procedure "regarding issues related to the handling of the Plaintiff's insurance claim." The Motion to Depose is not filed pursuant to Rule 54(d) and, indeed, Plaintiff filed a full Response to Defendant's Motion for Summary Judgment. These two motions are **denied as moot**.

## I. BACKGROUND

The facts in this case are not in dispute. In September 2009, Plaintiff was sued in Georgia state court for acts allegedly covered by the Insurance Agents Errors & Omissions Coverage Policy ("Policy") between Plaintiff as the insured and Defendant as the insurer. Plaintiff hired a law firm to represent it in the Georgia lawsuit, but did not notify Defendant of the litigation until May 7, 2010. Plaintiff alleges that it thereafter understood that the matter would be reviewed and that Defendant would likely reimburse Plaintiff for its legal expenses in the Georgia lawsuit.

Plaintiff filed this lawsuit on November 29, 2012, alleging that Defendant failed to pay in full the legal expenses incurred in the Georgia lawsuit before May 7, 2010. The dispute relates only to the $111,894.56 in attorneys' fees incurred prior to May 7, 2010. In its Second Amended Complaint [Doc. # 14], Plaintiff asserted a breach of contract claim, as well as claims of bad faith and violation of the Texas Deceptive Trade Practices Act ("DTPA"), fraud, breach of fiduciary duty, a violation of the Texas Insurance Code, and claims for unjust enrichment, quantum meruit, and promissory estoppel. By Memorandum and Order [Doc. # 20] entered June 19, 2013, the Court dismissed the bad faith, DTPA, fraud, and Texas Insurance Code claims for failure to comply with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

Case 4:12-cv-03469   Document 30   Filed in TXSD on 09/12/13   Page 2 of 10

## I. BACKGROUND

The facts in this case are not in dispute. In September 2009, Plaintiff was sued in Georgia state court for acts allegedly covered by the Insurance Agents Errors & Omissions Coverage Policy ("Policy") between Plaintiff as the insured and Defendant as the insurer. Plaintiff hired a law firm to represent it in the Georgia lawsuit, but did not notify Defendant of the litigation until May 7, 2010. Plaintiff alleges that it thereafter understood that the matter would be reviewed and that Defendant would likely reimburse Plaintiff for its legal expenses in the Georgia lawsuit.

Plaintiff filed this lawsuit on November 29, 2012, alleging that Defendant failed to pay in full the legal expenses incurred in the Georgia lawsuit before May 7, 2010. The dispute relates only to the $111,894.56 in attorneys' fees incurred prior to May 7, 2010. In its Second Amended Complaint [Doc. # 14], Plaintiff asserted a breach of contract claim, as well as claims of bad faith and violation of the Texas Deceptive Trade Practices Act ("DTPA"), fraud, breach of fiduciary duty, a violation of the Texas Insurance Code, and claims for unjust enrichment, quantum meruit, and promissory estoppel. By Memorandum and Order [Doc. # 20] entered June 19, 2013, the Court dismissed the bad faith, DTPA, fraud, and Texas Insurance Code claims for failure to comply with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.
P:\ORDERS\11-2012\3469MSJ.wpd   130912.1203                    2

After the deadline to complete discovery, Defendant moved for summary judgment on the remaining claims. The Motion for Summary Judgment has been fully briefed and is now ripe for decision.

## II.   STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case.

*See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not

met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

### III.   ANALYSIS

Plaintiff's remaining claims are for breach of contract, promissory estoppel, unjust enrichment, quantum meruit, and breach of fiduciary duty. As explained below, Defendant is entitled to summary judgment on each of these claims.

#### A.   Breach of Contract Claim

In order to prevail on its breach of contract claim, Plaintiff must establish the existence of a contract, its own performance or tender of performance under the contract, a breach by Defendant, and resulting damages. *Bridgmon v. Array Sys.*

*Corp.*, 325 F.3d 572, 577 (5th Cir. 2003) (citing *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App. – Houston [14th Dist.] 2000, no pet.)). In this case, Plaintiff has failed to present evidence that it performed under the contract prior to May 7, 2010, or that Defendant breached the contract by failing to pay attorneys' fees incurred prior to that date.

Section III of the Policy provides that the Insured (Plaintiff) "shall not . . . incur any costs or expenses in connection with any claim involving payment by the Company [Defendant], except with the written consent of the Company." *See* Policy, Exh. 1 to Motion. In this case, it is undisputed that Plaintiff incurred costs and expenses without Defendant's written consent. As a result, for the period prior to May 7, 2010, Plaintiff failed to perform as required under the contract.

The Policy provides also that "No action shall lie against [Defendant] unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this Policy." *See id.* One of the terms of the Policy is that Plaintiff must provide prompt notice of any claim or lawsuit against it. *See id.* It is undisputed that Plaintiff failed to provide notice of the Georgia litigation prior to May 7, 2010. Once Plaintiff provided the notice required by the Policy, Defendant paid all defense costs. "Because an insurer's duty to defend is triggered by notice, the insurer has no duty to reimburse the insured for defense costs incurred before the insured gave the insurer

notice of the lawsuit." *Coastal Ref. & Mktg., Inc. v. United States Fid. and Guar. Co.*, 218 S.W.3d 279, 294 (Tex. App. – Houston [14th Dist.] 2007, pet. denied); *see also Travelers Indem. Co. v. Citgo Petroleum Corp.*, 166 F.3d 761, 768 (5th Cir. 1999) ("an insurer's duty to defend an insured is only triggered by the actual service of process upon its insured and its relay to the insurer").

Plaintiff has failed to present evidence that raises a genuine issue of material fact regarding the allegation that Defendant breached its obligations under the Policy.

### B. Promissory Estoppel

"The elements of a promissory estoppel claim are: (1) a promise; (2) reliance thereon that was foreseeable to the promisor; and (3) substantial reliance by the promisee to his detriment." *Miller v. Raytheon Aircraft Co.,* 229 S.W.3d 358, 378-79 (Tex. App.-- Houston [1st Dist.] 2007, no pet.) (citing *English v. Fischer,* 660 S.W.2d 521, 524 (Tex. 1983)). In this case, Plaintiff has not presented evidence that it incurred attorneys' fees prior to May 7, 2010, in reliance on any alleged promise by Defendant. Indeed, Plaintiff has not presented evidence of any promises or other statements by Defendant prior to May 7, 2010. As a result, Defendant is entitled to summary judgment on Plaintiff's promissory estoppel claim for recovery of attorneys' fees incurred prior to May 7, 2010.

### C. Unjust Enrichment and Quantum Meruit Claims

To recover on an unjust enrichment claim or a claim under the doctrine of quantum meruit, "a plaintiff must establish that: 1) valuable services and/or materials were furnished, 2) to the party sought to be charged, 3) which were accepted by the party sought to be charged, and 4) under such circumstances as reasonably notified the recipient that the plaintiff, in performing, expected to be paid by the recipient." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992); *Sanders v. Total Heat & Air, Inc.*, 248 S.W.3d 907, 913 (Tex. App. – Dallas 2008, no pet.). Plaintiff has failed to present evidence that the attorneys' fees in the Georgia litigation prior to May 7, 2010, were incurred "under such circumstances as reasonably notified" Defendant that Plaintiff was incurring the fees expecting Defendant to pay them. Indeed, it is undisputed that Defendant had no notice of the Georgia litigation or that Plaintiff was incurring attorneys' fees prior to May 7, 2010. As a result, Defendant is entitled to summary judgment on the unjust enrichment and quantum meruit claims.

Additionally, unjust enrichment and quantum meruit are "unavailable when an express contract covers the subject matter at issue." *Christus Health v. Quality Infusion Care, Inc.*, 359 S.W.3d 719, 723 (Tex. App. – Houston [1st Dist.] 2011, no pet.); *see also Truly v. Austin*, 744 S.W.2d 934, 936 (Tex. 1988); *Protocol Techs., Inc. v. J.B. Grand Canyon Dairy, L.P.*, __ S.W.3d __, 2013 WL 1248289, *3 (Tex. App. –

Eastland Mar. 28, 2013, no pet.).  On this basis also, Defendant is entitled to summary judgment on the unjust enrichment and quantum meruit claims.

### D. Breach of Fiduciary Duty Claim

Defendant argues correctly that Texas law does not recognize a general fiduciary duty between and insurer and its insured, citing *Garrison Contractors, Inc. v. Liberty Mut. Ins. Co.*, 927 S.W.2d 296, 301 (Tex. App. – El Paso 1996), *aff'd*, 966 S.W.2d 482 (Tex. 1998), and *Wayne Duddlesten, Inc. v. Highland Ins. Co.*, 110 S.W.3d 85, 96 (Tex. App. – Houston [1st Dist.] 2003, pet. denied).  Plaintiff does not address this argument in its Response.  Because an insurer does not owe a general fiduciary duty to its insured, Defendant is entitled to summary judgment on the breach of fiduciary duty claim.

### IV. CONCLUSION AND ORDER

Plaintiff has failed to present evidence that raises a genuine issue of material fact to support any of its claims for payment of attorneys' fees incurred prior to giving notice as required by the Policy.  As a result, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 21] is **GRANTED**.  It is further

**ORDERED** that Plaintiff's Motion for Leave to Refer Case to Mediation [Doc. # 28] and Motion for Leave to Take Oral Deposition of Corporate Representative [Doc. # 29] are **DENIED AS MOOT**.

The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this 12th day of **September, 2013**.

_____
Nancy F. Atlas
United States District Judge