IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PROTECTORS INSURANCE AND FINANCIAL SERVICES, LLC, Plaintiff, | § § § § | |
| v. | § § | CIVIL ACTION NO. H-12-3469 |
| LEXINGTON INSURANCE CO., Defendant. | § § § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Relief from Judgment ("Motion") [Doc. # 32] filed by Plaintiff Protectors Insurance and Financial Services, LLC ("Protectors"), to which Defendant Lexington Insurance Company ("Lexington") filed a Response [Doc. # 33]. Plaintiff neither filed a reply nor requested additional time to do so. Having carefully considered the record and the applicable legal authorities, the Court **denies** Plaintiff's Motion.

### I.  BACKGROUND

In September 2009, Plaintiff was sued in Georgia state court for acts allegedly covered by the Insurance Agents Errors & Omissions Coverage Policy ("Policy") between Plaintiff as the insured and Defendant as the insurer. Plaintiff hired a law

firm to represent it in the Georgia lawsuit, but did not notify Defendant of the litigation until May 7, 2010.

Plaintiff filed this lawsuit on November 29, 2012, alleging that Defendant failed to pay in full the legal expenses incurred in the Georgia lawsuit before May 7, 2010. By Memorandum and Order [Doc. # 20] entered June 19, 2013, the Court dismissed Plaintiff's bad faith, Texas Deceptive Trade Practices Act ("DTPA"), fraud, and Texas Insurance Code claims for failure to comply with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. By Memorandum and Order [Doc. # 30] and Final Judgment [Doc. # 31] entered September 12, 2013, the Court granted summary judgment in Defendant's favor on the remaining claims for breach of contract, promissory estoppel, unjust enrichment, quantum meruit, and breach of fiduciary duty.

On November 5, 2013, Plaintiff filed its Motion for Relief from Judgment. The Motion is now ripe for decision.

## II. STANDARD FOR RULE 60(b) MOTION

Rule 60(b) contains six alternative grounds for relief:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the

> judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from operation of the judgment.

FED. R. CIV. P. 60(b). Plaintiff seeks relief pursuant to Rule 60(b)(1)-(3).

Relief under Rule 60(b)(1) is available where the movant establishes "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1).

Under Rule 60(b)(2), based on newly discovered evidence, the "movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.'" *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005) (quoting *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003)).

Rule 60(b)(3) provides a basis for relief from judgment where the movant presents clear and convincing evidence of "fraud . . ., misrepresentation, or other misconduct of an adverse party." FED. R. CIV. P. 60(b)(3); *Hesling*, 396 F.3d at 641. "This subsection of the Rule is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Gen'l Universal Sys. v. Lee*, 379 F.3d 131, 156 (5th Cir. 2004) (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978); *Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1359 (5th Cir. 1988)). "A party

making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Id.* "The moving party has the burden of proving the misconduct by clear and convincing evidence." *Id.*

### III.  ANALYSIS

Plaintiff has failed to allege facts or present evidence that demonstrate the Court's summary judgment ruling was the result of mistake, inadvertence, surprise, or excusable neglect.  Plaintiff has not presented any newly discovered evidence, and has neither alleged nor established by clear and convincing evidence that Defendant engaged in fraud or other misconduct that prevented Plaintiff from presenting its case. Instead, Plaintiff simply restates practically *verbatim* the arguments it presented in opposition to the Motion for Summary Judgment.  *See* Plaintiff's Response to Motion for Summary Judgment [Doc. # 24], p. 2; Plaintiff's Motion [Doc. # 32], p. 10.  As a result, Plaintiff has failed to present a basis for Rule 60(b) relief.

### IV.  CONCLUSION AND ORDER

Plaintiff has failed to demonstrate entitlement to relief pursuant to Rule 60(b)(1)-(3).  As a result, it is hereby

**ORDERED** that Plaintiff's Motion for Relief from Judgment [Doc. # 32] is **DENIED**.

SIGNED at Houston, Texas, this 10th day of **December, 2013**.

_____
Nancy F. Atlas
United States District Judge